## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---------------------------------------------

SHIRLEY WHITESELL                      :
140 George Avenue                      :         CIVIL ACTION NO.: _____
Wilkes-Barre, PA 18705                 :
                        Plaintiff,     :
                                       :
            v.                         :         **JURY TRIAL DEMANDED**
                                       :
REDNER'S MARKETS, INC.                 :
3 Quarry Road                          :
Reading, PA 19605                      :
                        Defendant.     :

---------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Shirley Whitesell ("Plaintiff"), by and through her undersigned attorney, for his Complaint against Redner's Markets, Inc. ("Defendant"), alleges as follows:

### INTRODUCTION

1.    Plaintiff initiates this action contending Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*; with respect to discrimination on the basis of her disabilities and in retaliation for her requests for reasonable accommodations in connection thereto.

2.    Plaintiff further brings this Complaint contending that Defendant interfered with the exercise of her rights under the Family and Medical Leave Act

("FMLA"), 29 U.S.C. § 2601, *et seq.,* and retaliated against Plaintiff for exercising and/or attempting to exercise her rights under the same.

## PARTIES

3.      Plaintiff, Shirley Whitesell, is a citizen of the United States and the Commonwealth of Pennsylvania, and currently maintains a residence at 140 George Avenue Wilkes-Barre, PA 18705.

4.      Upon information and belief, Defendant, Redner's Markets, Inc., is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 3 Quarry Road Reading, PA 19605.

5.      Upon information and belief, Defendant operates throughout the Commonwealth of Pennsylvania, including this judicial district.

## JURISDICTION AND VENUE.

6.      The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

7.      On or about August 16, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as 530-2024-09246.

8. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

9. By correspondence dated July 16, 2025, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

10. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

11. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

12. This is an action authorized pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

14. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as the federal claims.

15.    The venue in this district is proper to 28 U.S.C. § 1391, inasmuch as Defendant conducts business therein and the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

16.    The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth at length herein.

17.    Upon information and belief, Defendant has employed fifty (50) or more employees within a seventy-five (75) mile radius of Plaintiff's worksite 2000 North Township Boulevard Pittston, PA 18640, during at least twenty (20) workweeks in 2025, 2024, and 2023.

18.    In or around September 2015, Plaintiff began her employment with Defendant at Defendant's location at 2000 North Township Boulevard Pittston, PA 18640.

19.    In or around March 2018, Plaintiff was promoted to the position of Prepared Food Manager.

20.    At all times material hereto, Plaintiff performed her job well, receiving occasional praise and no justifiable discipline.

21.    By way of example, Plaintiff received yearly performance bonuses between 2018 and 2023, and received awards for her managerial performance in 2019 and 2020.

22.     By way of background, Plaintiff suffers from osteoporosis, which constitutes a disability within the meaning of the ADA and PHRA in that it substantially limits one or more major life activities.

23.     Osteoporosis also constitutes a serious health condition within the meaning of the FMLA.

24.     In or about December 2023, Plaintiff's osteoporosis contributed to an injury she suffered which resulted in severe fractures in her leg and required multiple surgeries.

25.     Plaintiff's severe leg fracture constitutes a disability within the meaning of the ADA and PHRA in that it substantially limits one or more major life activities.

26.     Plaintiff's severe leg fracture also constitutes a serious health condition under the meaning of the FMLA.

27.     Following her injury, Plaintiff applied and was approved for Family and Medical Leave with an anticipated return-to-work date of March 1, 2024.

28.     As Plaintiff's treatment progressed throughout January and February, however, it became clear that she would not be fully recovered by March 1, 2024.

29.     Plaintiff then reached out to Defendant's Store Director Christopher Popis and requested a light duty accommodation upon her return to work.

30.     In response, Mr. Popis informed Plaintiff that Defendant would only offer light duty accommodations to employees who were injured on the job and

collecting workers compensation, and that no such accommodation could be made for Plaintiff.

31.     Mr. Popis further informed Plaintiff that she would only be welcome to return to work once she no longer required any restrictions.

32.     Plaintiff also reached out to Defendant's human resources representative Sue Rutisky who informed her that she would only be able to return to work once released by her physician without restrictions.

33.     In or around February 2024, Plaintiff was informed that her Family and Medical Leave would soon be exhausted and that Defendant would have to terminate her in order to place her on long-term disability.

34.     In or around March 2024, Plaintiff requested a formal letter stating the reason for her termination.

35.     On or about March 21, 2024, Defendant informed Plaintiff that it had retroactively terminated her employment effective March 1, 2024.

36.     Defendant represented, however, that she would be eligible for rehire.

37.     In or about May 2024, Plaintiff's recovery had progressed to the point where she was able to return to work with a light-duty accommodation.

38.     As stated above, however, Mr. Popis had previously informed Plaintiff that Defendant would not offer light-duty accommodations for employees in her

position and that Plaintiff should let him know when she was released by her physician without restrictions.

39.     Plaintiff provided Defendant with doctor's notes indicating that she would be ready to return to work at her full capacity by July 8, 2024.

40.     On or about July 1, 2024, Defendant posted an open position for Produce Manager on its website.

41.     Seeing that Plaintiff would soon be able to return to work at her full capacity, she spoke with her direct supervisor about reapplying and was told to contact human resources.

42.     On or about July 8, 2024, which was the day Plaintiff was prepared to return to work without accommodations, Defendant informed her that it had no open position at any of its locations.

43.     Despite this representation, however, the open position for Produce Manager was still posted on Defendant's website, so Plaintiff submitted a formal application.

44.     To date, however, Defendant has not contacted Plaintiff regarding her application.

45.     In or around September 2024, after Plaintiff had filed her Charge of Discrimination with the EEOC, Defendant removed the Produce Manager position from its website.

46.     It is believed and therefore averred that Defendant subjected Plaintiff to discrimination on the basis of her disabilities and in retaliation for her requests for reasonable accommodations in connection thereto as well as in retaliation for exercising and/or attempting to exercise her rights under the FMLA.

47.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential benefits, and other economic damages.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, et seq.**
**DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION &**
**FAILURE TO HIRE**

48.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

49.     At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

50.     Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities, as Plaintiff's hyperemesis substantially limited her ability to engage in one or more major life activities for an extended period of time.

51.     At all times relevant hereto, Defendant had at least fifteen (15)

employees.

52.    Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

53.    Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job, with or without a reasonable accommodation.

54.    By reasons of the foregoing, Defendant, through their agents, officers, servants, and/or employees, have violated the ADA by terminating Plaintiff's employment because of her actual and/or perceived disabilities, because Defendant's regarded Plaintiff as being disabled, for her past record of disability, and/or Plaintiff's request(s) for reasonable accommodations in connection to her disabilities.

55.    Additionally, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage, in good faith, in the interactive process to determine a reasonable accommodation and by failing to accommodate Plaintiff upon learning of Plaintiff's request(s) and/or need for accommodation(s).

56.    Furthermore, Defendant, through their agents, officers, servants, and/or employees, have violated the ADA by failing to hire Plaintiff because of her actual and/or perceived disabilities, because Defendant's regarded Plaintiff as being disabled, for her past record of disability, and/or Plaintiff's request(s) for reasonable

accommodations in connection to her disabilities.

57.    As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.    Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.    Pre-judgment interest in an appropriate amount;

E.    Such other and further relief as is just and equitable under the circumstances; and

F.    Any verdict in favor of Plaintiff is to be molded by the Court to

maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, et seq.
## DISCRIMINATION, RETALIATION, FAILURE TO ACCOMMODATE, & FAILURE TO HIRE

58.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

59.     Plaintiff is a qualified individual with a disability/handicap within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq. and as such is a member of a class protected under the PHRA from unlawful discrimination and/or retaliation.

60.     As described above, Plaintiff's disabilities substantially limit Plaintiff in one or more major life activities.

61.     Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

62.     Plaintiff requested a reasonable accommodation in connection with her disabilities.

63.     Defendant failed to accommodate Plaintiff's reasonable request for accommodations in connection with her disabilities.

64.    By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, violated the PHRA by terminating Plaintiff because of her actual and/or perceived disabilities, her past record of impairment/disability, because it regarded her as being disabled within the meaning of the PHRA, and/or in retaliation for requesting a reasonable accommodation for her disability.

65.    Additionally, Defendant, through its agents, officers, servants, and/or employees, has violated the PHRA by failing to engage, in good faith, in the interactive process to determine a reasonable accommodation and by failing to accommodate Plaintiff upon learning of Plaintiff's request(s) and/or need for accommodation(s).

66.    Furthermore, Defendant, through their agents, officers, servants, and/or employees, have violated the PHRA by failing to hire Plaintiff because of her actual and/or perceived disabilities, because Defendant's regarded Plaintiff as being disabled, for her past record of disability, and/or Plaintiff's request(s) for reasonable accommodations in connection to her disabilities.

67.    As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against

Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C.    Pre-judgment interest in an appropriate amount; and

D.    Such other and further relief as is just and equitable under the circumstances; and,

E.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT III
## FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. 2601, *et seq.*
## INTERFERENCE AND RETALIATION

68.    The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

69.    Defendant is a "covered employer" under the FMLA and employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's

worksite for each working day in each of (20) or more calendar weeks in 2025, 2024, and 2023.

70.    Plaintiff was an eligible employee under the FMLA and was entitled to take up to twelve (12) weeks of unpaid leave in order to care for her serious health condition.

71.    Plaintiff provided adequate notice to Defendant of her need for medical leave to provide care for her serious health condition by giving notice as soon as she became aware of the need and as soon as was practicable.

72.    Defendant violated the FMLA by terminating Plaintiff for taking FMLA-qualifying leave and/or in retaliation for exercising her rights under the FMLA.

73.    The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

74.    As a result of Defendant's actions, Plaintiff has suffered significant damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in her favor and against Defendant, and grant her the maximum relief allowed by the law, including, but not limited to:

1)      Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

2)      Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

3)      Liquidated damages;

4)      Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

5)      Pre-judgment interest in an appropriate amount; and

6)      Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By:     /s/ *Johannes Hoffman*
        Johannes Hoffman, Esq.
        Eight Penn Center, Suite 1803
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210

jhoffman@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: July 28, 2025

## <u>DEMAND TO PRESERVE EVIDENCE</u>

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.