# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

----------------------------------------------------------------

SHIRLEY WHITESELL                          :
                                           :
                   Plaintiff,              :
                                           :        Civil Action No.: 3:25-cv-01382
                                           :
          v.                               :
                                           :
REDNER'S MARKET, INC.                      :        **JURY TRIAL DEMANDED**
                                           :
                   Defendant.              :
----------------------------------------------------------------

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT**

By: */s/ Johannes Hoffman*
    Murphy Law Group, LLC
    Johannes Hoffman, Esq.
    Eight Penn Center, Suite 2000
    1628 John F. Kennedy Blvd.
    Philadelphia, PA 19103
    jhoffman@phillyemploymentlawyer.com
    Attorneys for Plaintiff

Dated: October 10, 2025

# TABLE OF CONTENTS

I.     PROCEDURAL HISTORY ...........................................................................1

II.    FACTUAL BACKGROUND.......................................................................1

III.   STANDARD OF REVIEW........................................................................3

IV.    ARGUMENT.............................................................................................5

       A.    Plaintiff has Pleaded a Plausible Claim of FMLA Interference. .........5

       B.    Plaintiff has Pleaded a Plausible Claim of FMLA Retaliation............9

       C.    Should the Court Grant Defendant's Motion to Dismiss Plaintiff's
             Complaint, Plaintiff Respectfully Requests Leave to File a First
             Amended Complaint...........................................................................13

V.     CONCLUSION.......................................................................................14

## TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)……………………………………4

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)…………………4

Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 886 (3d Cir. 1992)………………………………………………………………....13

Boles v. Wal-Mart Stores, Inc., U.S. Dist. LEXIS 41926, at *46 (D.N.J. Mar. 26, 2014)……………………………………………………….………7, 8

Conoshenti v. Public Service Elec. & Gas Co., 364 F.3d 135, 142 (3d Cir. 2004)...7

Dreibelbis v. Cty. of Berks, 438 F. Supp. 3d 304, 320 (E.D. Pa. 2020)…………....9

Fluellen v. City of Phila., 2024 U.S. Dist, LEXIS 61898, at *10 (E.D. Pa. Apr. 4, 2024)……………………………………………………………………12

Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 301 (3d Cir. 2012).....10

Marcavage v. West Chester Univ., 2007 U.S. Dist. LEXIS 18162, at *10–11 (E.D. Pa. March 15, 2007)……………………………………………………….…….13

Martinez v. UPMC Susquehanna, 986 F.3d 261, 265 (3d Cir. 2021)…………..….4

Peace-Wickham v. Walls, 409 F. App'x 512, 522 (3d Cir. 2010)……………...…...9

Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)…………….…3

Roberts v. Mercy Catholic Med. Ctr., 2017 U.S. Dist. LEXIS 238905, at *14-15 (E.D. Pa. July 31, 2017)…………………………………………………..11

Ross v. Gilhuly, 755 F.3d 185, 191-92 (3d Cir. 2014)……………………………6

Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014)……………………………4

**Statutes**

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201, *et seq…………..….*1

Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq…………..*1

Family and Medical Leave Act, ("FMLA"), 29 U.S.C., § 2601, *et seq…….passim*

**Other Authorities**

29 C.F.R. § 825.220……………………………………………………….12

29 C.F.R. § 825.300…………………………………………………...7, 8

Fed. R. Civ. P. 12(b)(6)…………………………………………...…1, 3

Fed. R. Civ. P. 15(a)(2)……………………………………………...….13

## I.    PROCEDURAL HISTORY

On July 28, 2025, Plaintiff, Shirley Whitesell ("Plaintiff"), filed a Complaint against Defendant, Redner's Markets, Inc. ("Defendant"), contending Defendant violated Plaintiff's rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201, *et seq*.; the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*; and the Family and Medical Leave Act, ("FMLA"), 29 U.S.C., § 2601, *et seq*. See ECF No. 1.

On September 30, 2025, Defendant filed its motion to dismiss Count III Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), contending Plaintiff's Complaint fails to state both a claim for FMLA interference and a claim for FMLA retaliation. See ECF No. 13.

## II.    FACTUAL BACKGROUND

In or around September 2015, Plaintiff began her employment with Defendant and was promoted to the position of Prepared Food Manager in or around March 2018. ECF No. 1 at ¶¶ 18-19. Plaintiff suffers from osteoporosis, which led to an injury she suffered in or around December 2023 that resulted in severe leg fractures. Id. at ¶¶ 22-24. In December 2023, Plaintiff applied and was approved for leave under the FMLA with an anticipated return-to-work date of March 1, 2024. Id. at ¶ 27. The Certification of Healthcare Provider submitted as part of Plaintiff's request

for FMLA indicated that it would be necessary for her leave to extend to March 13, 2024. See ECF No. 13 Exhibit 1 p.2. Defendant sent Plaintiff a Designation Notice on December 19, 2023, which invited Plaintiff to contact Defendant prior to March 1 "should other circumstances be present" that would prevent her from returning on time. See ECF No. 13 Exhibit 2.

While on FMLA leave, Plaintiff contacted Defendant's Store Manager Christopher Popis and human resources representative Sue Rutisky to request a light duty accommodation upon her return to work but was flatly told that no accommodation could be made and that she could only return to work once she no longer required any restrictions whatsoever. ECF No. 1 at ¶¶ 29-32. Defendant's Employee Handbook, however, states that upon conclusion of an FMLA medical leave of absence, an employee must either return to work *or contact human resources to request a reasonable accommodation*. See Employee Handbook, attached hereto as Exhibit A, p.32.

In or around February 2024, Defendant informed Plaintiff that if she was unable to return to work without restrictions on March 1, 2024, it would allegedly need to terminate her in order to place her on long-term disability. Id. at ¶ 33. Defendant's policy regarding long-term disability, however, makes no mention of this requirement. See Exhibit A p.37. On March 21, 2024, Defendant informed Plaintiff it had retroactively terminated her employment effective March 1, 2024,

but claimed that she would be eligible for rehire. ECF No. 1 at ¶¶ 35-36. Plaintiff subsequently provided Defendant with doctor's notes indicating that she would be ready to return to work without any restrictions by July 8, 2024. Id. at ¶ 39. During this time, Defendant had also posted an open position for Produce Manager on its website, and Plaintiff submitted an application. Id. at ¶¶ 40, 43. Defendant, however, falsely claimed that it had no open positions and only took down the open Produce Manager position in or around September 2024, after Plaintiff had filed her Charge of Discrimination with the EEOC. Id. at ¶¶ 42, 45.

## III.    **STANDARD OF REVIEW**

In reviewing a motion to dismiss under Rule 12(b)(6), the reviewing court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). As the Third Circuit recently explained:

> To survive a motion to dismiss, a complaint need not be detailed. It needs just "a short and plain statement of the claim showing that the pleader is entitled to relief." That statement, in turn, must contain "enough facts to state a claim to relief that is plausible on its face." But the complaint does not have to be more specific than that. The short and plain statement is enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

Martinez v. UPMC Susquehanna, 986 F.3d 261, 265 (3d Cir. 2021) (internal citations omitted). The Court may dismiss the Complaint only if a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," meaning enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

In adjudicating a motion to dismiss, a court generally may rely only on the allegations contained in the Complaint, and any exhibits attached thereto. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). However, a Court may also consider a document "integral to or explicitly relied upon in the Complaint" without converting the motion into one for summary judgment. Id. (quotation and emphasis omitted).

Under this standard, as set forth below, Plaintiff has adequately pleaded a *prima facie* claim under the FMLA, and Defendant's Motion to Dismiss Plaintiff's Complaint should be denied. However, should the Court agree with Defendant and grant Defendant's Motion to Dismiss, in whole or in part, Plaintiff respectfully

requests leave to file a First Amended Complaint to cure any deficiencies identified by the Court.

## IV.    ARGUMENT

In its Motion to Dismiss, Defendant argues that Plaintiff has failed to state a claim for FMLA interference because she received twelve (12) weeks of leave under the FMLA. Defendant further argues that Plaintiff has failed to state a claim for FMLA retaliation because her Complaint fails to establish that the adverse action taken against her was causally related to the exercise of her rights under the FMLA. As explained below, Defendant's arguments rely on a misreading of Plaintiff's Complaint, as well as a misunderstanding of the requirements of the FMLA. Accordingly, and for the reasons set forth below, Defendant's Motion to Dismiss Plaintiff's Complaint should be denied.

### A.    Plaintiff has Pleaded a Plausible Claim of FMLA Interference.

Plaintiff has plausibly stated a claim for interference under the FMLA. The Third Circuit has held that for a plaintiff to make an FMLA interference claim, the plaintiff must establish:

> (1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the

plaintiff was denied benefits to which he or she was entitled under the FMLA.

Ross v. Gilhuly, 755 F.3d 185, 191-92 (3d Cir. 2014) (citing Johnson v. Cmty. Coll. of Allegheny Cnty., 566 F. Supp. 2d 405, 446 (W.D. Pa. 2008)). "Under an interference claim, 'the employee need not show that he was treated differently than others[, and] the employer cannot justify its actions by establishing a legitimate business purpose for its decision.'" Id. at 192 (quoting Sommer v. The Vanguard Grp., 461 F.3d 397, 399 (3d Cir. 2006) (alteration in original) (internal quotation marks omitted). Because a plaintiff is not alleging discrimination when bringing an FMLA interference claim, a *McDonnell-Douglas* burden-shifting analysis is not required. Id.

Defendant does not argue that Plaintiff was *not* an eligible employee under the FMLA. Nor does Defendant argue that it was *not* subject to the FMLA's requirements or that Plaintiff was *not* entitled to FMLA leave. Instead, Defendant appear to only challenge fifth prong, i.e. that "plaintiff was denied benefits to which [she] was entitled under the FMLA." Ross, 755 F.3d at 191-92. Defendant's sole argument on this issue is that simply because Plaintiff received leave under the FMLA, "Plaintiff Complaint alleges no facts concerning an FMLA right she believes Redner's interfered with or failed to provide or alleges facts suggesting interference." ECF No. 13 at p.13.

An employee's rights under the FMLA, however, are not limited to twelve (12) workweeks of leave. Department of Labor ("DOL") "regulations impose upon the employer obligations to communicate with employees regarding their rights under the FMLA." Conoshenti v. Public Service Elec. & Gas Co., 364 F.3d 135, 142 (3d Cir. 2004). The DOL regulations require employers to "provide written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations." 29 C.F.R. § 825.300(c)(1). An employer's failure to comply with the notice requirements set forth in the DOL regulations "may constitute an interference with, restraint, or denial of the exercise of an employee's FMLA rights," subjecting the employer to liability. 29 C.F.R. § 825.300(e); Boles v. Wal-Mart Stores, Inc., U.S. Dist. LEXIS 41926, at *46 (D.N.J. Mar. 26, 2014).

Construing the Complaint in the light most favorable to Plaintiff, she has sufficiently alleged that Defendant's Designation Notice failed to give her adequate notice of the amount of leave to which she was entitled under the FMLA. Contrary to Defendant's assertions, Defendant's December 19 Designation Notice to Plaintiff regarding the approval of her FMLA request did not unequivocally state that she would be deemed to have abandoned her position if she failed to return to work on March 1. ECF No. 13 Exhibit 2. Instead, it invited Plaintiff to contact Defendant prior to March 1 "should other circumstances be present" that would prevent her

from returning on time. Id. The Designation Notice made no explicit mention of the "amount of leave counted against [Plaintiff's] FMLA leave entitlement." 29 C.F.R. 825.300(d)(6). Conversely, the Certification of Healthcare Provider submitted as part of Plaintiff's request for FMLA indicated that it would be necessary for her leave to extend to March 13, 2024. ECF No. 13 Exhibit 1 p. 2. Therefore, Plaintiff has alleged that she was under the impression that she could extend her leave if necessary.

Plaintiff further alleges that she contacted human resources prior to the expiration of her leave to request accommodations upon her return to work, and that it was not until February 2024 that Defendant unequivocally stated she would be terminated if she could not return by March 1. Id. at ¶ 29-33. She has therefore sufficiently pled that the deficiencies in Defendant's Designation Notice "precluded her from making an informed decision about structuring [her] leave" and her "plan of recovery in such a way as to preserve the job protection afforded" by the FMLA. Boles, 2014 U.S. Dist. LEXIS 41926, at *49.

In sum, there is clearly no argument that (1) Plaintiff was an eligible employee under the FMLA, (2) Defendant was an employer subject to the FMLA's requirements, (3) Plaintiff was entitled to FMLA leave, and (4) Plaintiff gave notice to Defendant of her intention to take FMLA leave. Instead, Defendant only appears to be asking the Court to dismiss the interference claim on the grounds that Plaintiff

received *one* of the benefits to which she was entitled under the FMLA. The key inquiry with regard to an interference claim is whether the employee showed she was entitled to FMLA benefits and her employer denied them. Dreibelbis v. Cty. of Berks, 438 F. Supp. 3d 304, 320 (E.D. Pa. 2020). Plaintiff alleges Defendant interfered with Plaintiff's FMLA rights by providing deficient notice of the amount of leave to which she was entitled.

Accordingly, the allegations in Plaintiff's Complaint are clearly sufficient, at this early stage of the proceedings, to show a prima facie case of FMLA interference.

### B.    Plaintiff Has Pleaded a Plausible Claim of FMLA Retaliation.

In addition to sufficiently stating a claim of FMLA interference, Plaintiff has plausibly stated a claim for FMLA retaliation. "The elements of a prima facie claim of retaliation under the FMLA are (1) invocation of a right to FMLA leave, (2) an adverse employment action, and (3) a causal link between the two." Dreibelbis, 438 F. Supp at 320. The Third Circuit has articulated certain factors that are relevant in establishing a causal link between a protected right and an adverse employment decision in the employment discrimination context: (1) an "unusually suggestive" temporal proximity; (2) a "pattern of antagonism"; or (3) other circumstantial evidence, such as inconsistent reasons given by the employer for terminating the employee, which gives rise to an inference of causation when considered as a whole. Peace-Wickham v. Walls, 409 F. App'x 512, 522 (3d Cir. 2010). "While evidence

of only one factor is generally insufficient to establish causation, evidence of all three is not necessary, so long as the claim reasonably supports an inference of causation." Id. Indeed, to establish a causal link, the employee need only prove that her use of FMLA leave was a "negative factor" in the employer's decision-making process. Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 301 (3d Cir. 2012).

Defendant argues that Plaintiff does not establish third prong of the prima facie case. Plaintiff, however, has adequately alleged that Defendant engaged in a pattern of antagonism in response to the exercise of her rights under the FMLA and provided inconsistent reasons for her termination. Plaintiff has alleged that, prior to the expiration of her leave, she requested an accommodation upon her return to work that would allow her to perform the essential functions of her position. ECF No. 1 at ¶ 29. Plaintiff further alleges that both Defendant's Store Director Christopher Popis and its human resources representative Sue Rutisky informed her that she would not be permitted to return to work until she no longer required *any* form of accommodations. Id. at ¶¶ 29-32.

This representation appears to contradict Defendant's own policies, which state that upon conclusion of an FMLA medical leave of absence, an employee must either return to work *or* contact human resources and request a reasonable accommodation that would allow the employee to return to work. See Exhibit A

p.32. Defendant's policy goes on to state that "An employee who fails to return to work at the conclusion of an FMLA medical leave of absence of fails to request a reasonable accommodation that would allow the employee to return to work, will be considered to have voluntarily terminated his or her employment with Redner's." Id. Plaintiff also alleges that she was told that Defendant would need to terminate her in order to place her on long-term disability. ECF No. 1 at ¶ 33. This representation also appears to be inconsistent with Defendant's own policy regarding long-term disability. See Exhibit A p.37.

With regard to temporal proximity, there is no bright-line rule as to what constitutes "unusually suggestive" temporal proximity. Roberts v. Mercy Catholic Med. Ctr., 2017 U.S. Dist. LEXIS 238905, at *14-15 (E.D. Pa. July 31, 2017). In any case, however, the temporal proximity between Plaintiff's request for family leave and her March 1 termination strongly suggests that Plaintiff's request and need for family leave served as a "negative factor" in Defendant's decision to terminate her. See 29 CFR § 825.220(c). If Defendant had another reason for terminating Plaintiff, it will need to show that in discovery.

Construing the Complaint in the light most favorable to Plaintiff, she has also sufficiently alleged that Defendant refused to hire her back based on her past use of FMLA leave. While "[t]he Third Circuit has not addressed post-employment retaliation claims in the context of the FMLA," other courts "have found that the

term 'employee' under the FMLA is ambiguous and afforded deference to the Department of Labor regulation interpreting the FMLA to prohibit an employer from taking FMLA leave into account in hiring decisions." Fluellen v. City of Phila., 2024 U.S. Dist, LEXIS 61898, at *10 (E.D. Pa. Apr. 4, 2024) (citing Smith v. BellSouth Telecommunications, Inc., 273 F.3d 1303, 1313-14 (11th Cir. 2001); Duckworth v. Pratt & Whitney, Inc., 152 F.3d 1, 11 (1st Cir. 1998)).

Here, Plaintiff has alleged that in or about July 2025, she submitted an application with Defendant for the open position of Produce Manager, for which she was qualified based on her previous experience as Defendant's Prepared Food Manager. See ECF No. 1 at ¶¶ 19, 43. She has also alleged that Defendant falsely represented that it had no open positions and only removed the Produce Manager position from its website after she filed her Charge of Discrimination with the EEOC. Id. at ¶¶ 42-45. Construing the Complaint in the light most favorable to Plaintiff, she has therefore sufficiently claimed that her past use of FMLA leave was a "negative factor" in Defendant's decision to not hire her for the Produce Manager position. See 29 C.F.R. § 825.220(c). If Defendant had another reason for failing to hire Plaintiff, it will need to show that in discovery.

Accordingly, the allegations in Plaintiff's Complaint are clearly sufficient, at this early stage of the proceedings, to show a prima facie case of FMLA retaliation.

**C.  Should the Court Grant Defendant's Motion to Dismiss Plaintiff's Complaint, Plaintiff Respectfully Requests Leave to File a First Amended Complaint.**

For the foregoing reasons, it is Plaintiff's position that Defendant's Motion to Dismiss should be denied in its entirety. However, should the Court determine otherwise and decide to grant Defendant's Motion to Dismiss in whole or in part, Plaintiff respectfully requests leave to cure any such deficiencies perceived by the Court through the filing of a First Amended Complaint.

Pursuant to Federal Rule of Civil Procedure 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While the decision whether to grant or deny leave to amend is left to the discretion of the district court, the Third Circuit has held that a refusal to grant leave to amend will constitute an abuse of discretion unless "plaintiff's delay in seeking amendment is undue, made in bad faith, prejudicial to the opposing party, or fails to cure [a] jurisdictional defect." Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 886 (3d Cir. 1992) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)); see also Marcavage v. West Chester Univ., 2007 U.S. Dist. LEXIS 18162, at *10–11 (E.D. Pa. March 15, 2007) (listing as grounds for denying a motion for leave to amend as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the

amendment"). Considering that this action is still in its initial stages, the relative superficiality of the alleged defects in Plaintiff's Complaint, and the fact that Plaintiff has yet to file a first amended complaint, no such grounds for denial of leave exist here.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that Defendant's Motion to Dismiss should be denied in all respects. In the alternative, should the Court grant Defendant's Motion to Dismiss, in whole or in part, Plaintiff respectfully requests permission to file a First Amended Complaint to cure any defects perceived by the Court.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:   /s/ Johannes Hoffman
      Johannes Hoffman, Esq.
      Eight Penn Center, Suite 2000
      1628 John F. Kennedy Blvd.
      Philadelphia, PA 19103
      TEL: 267-273-1054
      FAX: 215-525-0210
      Attorneys for Plaintiff

Dated: October 10, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, Johannes Hoffman, Esquire, hereby certify that on October 10, 2025, I caused a true and correct copy of the foregoing to be filed via ECF, which will send notification of said filing to the following counsel of record:

Alberto M. Longo, Esq.
Randall C. Schauer, Esq.
Eagleview Corporate Center
747 Constitution Drive, Suite 100
Exton, PA 19341
(610) 458-4967
rschauer@foxrothschild.com
alongo@foxrothschild.com
*Attorneys for Defendant*

*/s/ Johannes Hoffman*
Johannes Hoffman, Esq.

Dated:        October 10, 2025